**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAKAYLA SWONGER**, on behalf of herself and all others similarly situated, | ) ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CLASS AND COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| **ROMULUS, INC.**, | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| – and – | ) | |
| | ) | |
| **RMLS HOP OHIO, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

Representative Plaintiff Makayla Swonger ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her collective and class action Complaint against Defendants Romulus, Inc. and RMLS HOP Ohio, LLC ("Defendants"), states as follows:

## INTRODUCTION

1.       This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), Article II § 34a of the Ohio Constitution, and Ohio Revised Code §4113.15.

2.       Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "Putative Collective").

3.       Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the Ohio Constitution and Ohio law (the "Ohio Class").

**JURISDICTION AND VENUE**

4.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this District and Division and a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

**PARTIES**

7.    Representative Plaintiff is an adult individual residing in Newark, Ohio (Licking County).

8.    Within the three (3) years preceding the filing of this Action, Representative Plaintiff was employed by Defendants as a non-exempt employee who was paid on an hourly basis.

9.    At all relevant times, Representative Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and under Ohio law.

10.    Defendant Romulus, Inc. is an Arizona for-profit corporation that can be served through its registered statutory agent: ZDJ Arizona, Inc., at 4254 W. Orchid Lane, Chandler, AZ 85226.

11.    Defendant RMLS HOP Ohio, LLC is an Arizona limited liability company that can be served through its Ohio registered statutory agent: National Service Information, Inc., at 145 Baker Street, Marion, OH 43302.

12.     At all relevant times, Defendants have individually and jointly comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all relevant times, Representative Plaintiff, the Putative Collective, and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTS

14.     Defendants jointly own and operate "IHOP restaurants in Arizona, Idaho, Oklahoma, Kansas, Texas, New Mexico, Indiana, Illinois, Tennessee, and Ohio.[1] Approximately eight (8) IHOP restaurants are in Ohio.[2]

15.     Defendants employs servers to provide services to its restaurant patrons.

16.     Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were jointly employed as servers at Defendants' restaurants within the last three (3) years.

17.     Defendants jointly exercised operational control over significant aspects of the day-to-day functions of employees, including Plaintiff and those similarly situated.[3]

18.     Defendants shared authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

19.     Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and those similarly situated.

---

[1] https://www.romulusinc.com/who-we-are (last viewed 3/23/2023).

[2] https://apply.jobappnetwork.com/romulus/en?keywordsFilter=&state=Ohio (last viewed 3/23/2023).

[3] *See e.g.* https://www.romulusinc.com/reaf; https://www.romulusinc.com/ihop-careers; https://apply.jobappnetwork.com/romulus/en (last viewed 3/23/2023).

20.     Defendants shared authority to control the work schedules and employment conditions of employees, including Plaintiff and those similarly situated.

21.     Defendants shared authority and control of employment records.

22.     Defendants jointly benefitted from the work performed by Plaintiff and those similarly situated.

23.     Representative Plaintiff was employed as a server at Defendants' Heath, Ohio location, within the last three years.

24.     Defendants pays its servers, including Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members at an hourly rate below minimum wage.

25.     By paying Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows employers to count a portion of the amount servers receive as tips towards Defendants' obligation to pay tipped employees a minimum wage.

26.     However, Defendants maintain a policy and practice whereby servers are required, during their regular shifts, to perform non-tip producing "side work" unrelated to the servers' tipped occupation, as well as non-tip producing side work related to the servers' tipped occupation.

27.     Specifically, Defendants maintain a policy and practice whereby servers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, refilling condiments, rolling silverware, folding napkins, sweeping and vacuuming under tables, setting and bussing tables, and cleaning around beverage stations.

28.     Defendants' job posting for "servers" specifically identify the following job duties:

    a.   "[C]learing dishes and resetting tables."

4

b. "Stock and rotate all needed supplies in the service areas and dining room as assigned per shift."

c. "Clear, clean, and reset tables and clean chairs, booths, and floors after guests leave."

d. "Perform all cleaning duties according to posted cleaning charts."[4]

29.     While Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were performing non-tip producing side work, Defendants continued to pay Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members less than minimum wage and relied on the tip credit to meet Defendants' obligation to pay Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members minimum wage.

30.     Defendants' policy and practice of paying Representative Plaintiff, the Putative Collective Members, the Ohio Class Members the tipped minimum wage (or less than the allowed tipped minimum wage) while they were performing non-tip producing work violated the FLSA and the Ohio law.

31.     As such, Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were not compensated appropriately at the minimum wage mandated by the FLSA and Ohio law.

*32.*     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, Defendant RMLS HOP Ohio, LLC had recently been sued and settled a case for substantially the same claims. *See e.g.*, *Slaughter v. RMLS Hop Ohio, L.L.C. et al*, USDC SD Ohio, Case No. 2:19-cv-03812.

_____

[4] *See e.g.*,
https://apply.jobappnetwork.com/clients/19155/posting/8208838/en?keywordsFilter=&state=Ohio&utm_source=careerpage (last viewed 3/23/2023).

33.     The unpaid wages to which Representative Plaintiff and the Ohio Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## COLLECTIVE ACTION ALLEGATIONS

34.     Representative Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

35.     The collective that Representative Plaintiff seeks to represent and for whom Representative Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Representative Plaintiff is also a member, is composed of and defined as follows:

> **All current and former servers employed by Defendants in Ohio who were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

36.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

37.     These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

38.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former servers employed by Defendants in Ohio who were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

40.     The Class is so numerous that joinder of all Ohio Class Members is impracticable. Representative Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of in excess of 50 people.

41.     The Ohio Class Members are readily ascertainable. The number and identity of the Ohio Class Members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

42.     Representative Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

43.     All Ohio Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay wages, including minimum wages.

44.     Representative Plaintiff and the Ohio Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with Article II § 34a of the Ohio Constitution and Ohio Revised Code § 4113.15.

45.     Representative Plaintiff and the Ohio Class Members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Ohio Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class Members.

46.     Representative Plaintiff and other Ohio Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

47.     Representative Plaintiff is able to fairly and adequately protect the interests of the Ohio Class Members and has no interests antagonistic to the Ohio Class Members.

48.     Representative Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many representative plaintiffs and classes in wage and hour cases.

49.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Ohio Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

50.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

51.     Because the losses, injuries, and damages suffered by each of the individual Ohio Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Ohio Class Members to redress the wrongs done to them.

52.     On the other hand, important public interests will be served by addressing the matter as a class action.

53.     The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

54.     The prosecution of separate actions by individual Ohio Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Ohio Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Ohio Class Members' rights and the disposition of their interests through actions to which they were not parties.

55.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.     This action is properly maintainable as a class action under Civ. R. 23.

57.     Common questions of law and fact exist as to the Ohio Class Members that predominate over any questions only affecting Representative Plaintiff and the Ohio Class Members individually and include, but are not limited to, the following:

   (a)  Whether Defendants violated Article II § 34a of the Ohio Constitution and Ohio Revised Code § 4113.15;

   (b)  Whether Defendants paid Representative Plaintiff and the Ohio Class Members

at the proper minimum wage for all hours worked; and,

(c) Whether Defendants failed to pay all wages due to Representative Plaintiff and the Ohio Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### (FLSA Minimum Wage Violations)

58.     Representative Plaintiff, on behalf of herself and the Putative Collective Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

59.      Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

60.      At all times relevant, Representative Plaintiff and the Putative Collective Members have been employees of Defendants, and Defendants have been individual and joint employers of Representative Plaintiff and the Putative Collective Members within the meaning of the FLSA.

61.      At all times relevant, Representative Plaintiff and the Putative Collective Members have been covered by the FLSA.

62.     Defendants failed to pay Representative Plaintiff and the Putative Collective Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

63.     Defendants were not eligible to avail themselves of the tipped minimum wage rate under the FLSA, because Defendants required Representative Plaintiff and the Putative Collective Members to perform a substantial amount of dual job duties and side work. During these periods, Defendants compensated Representative Plaintiff and the Putative Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

64.     Due to Defendants' violations of the FLSA, Representative Plaintiff and Putative Collective Members are entitled to recover from Defendants their unpaid minimum wages, liquidated

damages equal in amount to the unpaid wages owed within three (3) years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## COUNT TWO
### Article II § 34a of the Ohio Constitution – Unpaid Minimum Wages
### (Brought on behalf of Representative Plaintiff and the Ohio Class Members)

65.     Representative Plaintiff, on behalf of herself and the Ohio Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

66.     Defendants have engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed in this Class Action Complaint.

67.     At all times relevant, Representative Plaintiff and the Ohio Class Members have been employees of Defendants, and Defendants have been individual and joint employers of Representative Plaintiff and the Ohio Class Members within the meaning of Article II § 34a of the Ohio Constitution.

68.     At all times relevant, Representative Plaintiff and the Ohio Class Members have been covered by Article II § 34a of the Ohio Constitution.

69.     Defendants failed to pay Representative Plaintiff and the Ohio Class Members the minimum hourly wages to which they are entitled under Article II § 34a of the Ohio Constitution.

70.     Defendants were not eligible to avail themselves of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendants required Representative Plaintiff and the Ohio Class Members to perform a substantial amount of dual job duties and side work. During these periods, Defendants compensated Representative Plaintiff and the Ohio Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by Article II § 34a of the Ohio Constitution.

71.    Due to Defendants' violations of Article II § 34a of the Ohio Constitution, Representative Plaintiff and Ohio Class Members are entitled to recover from Defendants their unpaid minimum wages, an additional amount equal two times the amount of back wages owed within three (3) years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

### COUNT TWO
**Ohio Rev. Code § 4113.15– Failure to Pay Wages on a Semimonthly Basis**
**(Brought on behalf of Representative Plaintiff and the Ohio Class Members)**

72.    Representative Plaintiff, on behalf of herself and the Ohio Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

73.    Ohio Rev. Code § R.C. 4113.15(A) requires that Defendants pay Representative Plaintiff and the Ohio Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

74.    There is no dispute that Defendants have an obligation to pay employees all wages earned within 30 days.

75.    Representative Plaintiff's and the Ohio Class Members' unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. Ohio Rev. Code § 4113.15(A).

76.    As a result of Defendants' willful violation, Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Rev. Code § R.C. 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Representative Plaintiff, the Ohio Class, and the Putative Collective;

D. Award Plaintiff, the Putative Collective, and Ohio Class actual damages for unpaid wages;

E. Award Plaintiff and the Putative Collective additional damages in an amount equal to the amount of unpaid wages;

F. Award Plaintiff and the Ohio Class additional damages equal to two times the amount of unpaid wages;

G. Award Plaintiff and the Ohio Class liquidated damages in an amount equal to six per cent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars ($200) per Ohio Class Member, whichever is greater;

H. Award Plaintiff, the Putative Collective, and Ohio Class pre-judgment and post-judgment interest at the statutory rate;

I. Award Plaintiff, the Putative Collective, and Ohio Class Plaintiff attorneys' fees, costs, and disbursements; and

J. Award Plaintiff, the Putative Collective, and Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
Jeffrey J. Moyle (0084854)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
         jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Representative Plaintiff*